# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| DAVID TAYLOR, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | _____ |
| ) | |
| v. ) | [On Removal from Superior Court of |
| ) | Bartow County, Civil Action No. |
| DEAN W. JAMES, CRST LINCOLN ) | SUCV2022001140] |
| SALES, and CRST EXPEDITED, ) | |
| INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |
| ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendant CRST Expedited, Inc. ("CRST"), hereby removes the above-captioned action, filed by Plaintiff David Taylor ("Plaintiff"), in the Superior Court of Bartow County, in the State of Georgia, to the United States District Court for the Northern District of Georgia, Rome Division, respectfully showing the Court as follows:

## GROUNDS FOR REMOVAL

1. Plaintiff commenced the action styled *David Taylor v. Dean W. James, CRST Lincoln Sales, and CRST Expedited, Inc.,* Civil Action File No. SUCV2022001140, by filing a complaint in the Superior Court of Bartow County,

in the State of Georgia, (the "Superior Court Action") on September 12, 2022. *See* Complaint for Damages ("Complaint"), attached as **Exhibit ["Ex."] A.**

2. Plaintiff has filed suit in connection with a motor vehicle accident that occurred on Georgia Highway 20 in Bartow County, Georgia on or about October 18, 2021. *See* **Ex. A** at ¶¶ 6-8. In the Complaint, Plaintiff seeks damages from Defendant Dean W. James ("Mr. James") for his alleged negligence in operating a vehicle on behalf of CRST. *Id.* at ¶¶ 10-16. Plaintiff asserts that CRST is liable under a *respondeat superior* theory. *Id.* at ¶ 16.

3. As set forth more fully below, the Superior Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of citizenship between Plaintiff and Defendants, and the matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1441, 1446, and 1332.

4. Moreover, the United States District Court for the Northern District of Georgia, Rome Division, is the appropriate court for filing this Notice of Removal pursuant to 28 U.S.C. § 1446(a), as it is the district court for the district and division within which the Superior Court Action is pending.

5. At the time the Complaint was filed, Plaintiff was domiciled in the State of Georgia, such that he is a citizen of Georgia. *See* **Ex. A** at ¶ 1; *see Ennis v.*

*Smith*, 55 U.S. 400, 423 (1852) ("Where a person lives, is taken prima facie to be his domicile, until other facts establish the contrary."); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

6. CRST is a foreign corporation with its principal place of business in Cedar Rapids, Iowa. *See* **Ex. A** at ¶ 3; *see also* Georgia Corporations Division Printout – Corporation Entity Details for CRST, attached as **Ex. B**. CRST is therefore deemed a citizen of Iowa for purposes of 28 U.S.C. §§ 1441 and 1332. *See* 28 U.S.C. § 1332(c). CRST received service of the Complaint on September 27, 2022, as evidenced by the Sheriff's Entry of Service for CRST, attached as **Ex. C**. The filing of this Notice of Removal is timely.

7. Defendant CRST Lincoln Sales, Inc. is also a foreign corporation with its principal place of business in Cedar Rapids Iowa. *See* **Ex. A** at ¶ 4; *see also* Iowa Corporations Division Printout – Business Entity Summary for CRST Lincoln Sales, Inc., attached as **Ex. D**. CRST Lincoln Sales, Inc. is therefore deemed a citizen of Iowa for purposes of 28 U.S.C. §§ 1441 and 1332. *See* 28 U.S.C. § 1332(c). CRST Lincoln Sales, Inc. has not been properly served to date, but the undersigned represents it as well and consents to this removal on its behalf.

8. Plaintiff's uninsured motorist carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), is also a party to this case and filed its Answer on October 14, 2022. *See* Answer of State Farm, attached as **Ex. E**. State Farm is also a foreign corporation with its principal place of business in Chicago, Illinois. *See* Georgia Corporations Division Printout – Corporation Entity Details for State Farm, attached as **Ex. F**. State Farm is therefore deemed a citizen of Illinois for purposes of 28 U.S.C. §§ 1441 and 1332. See 28 U.S.C. § 1332(c).

9. At the time the Complaint was filed, Mr. Dean is a foreign resident domiciled in Alabama such that he is a citizen of Alabama. *See, e.g.,* **Ex. A ¶ 2**; Georgia Motor Vehicle Crash Report, attached as **Ex. G**; *Ennis*, 55 U.S. at 423; *McCormick*, 293 F.3d at 1257. Mr. Dean has not yet been properly served, but the undersigned also serves as counsel for Mr. Dean and consents to the removal.

10. Based on the foregoing, pursuant to 28 U.S.C. § 1332, there exists complete diversity of citizenship between Plaintiff and Defendants. Should Plaintiff properly serve CRST Lincoln Sales, Inc. or Mr. Dean, complete diversity of citizenship between Plaintiff and all Defendants will not be destroyed.

11. "The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." *See Gardner v. TBO Capital LLC*, 986 F. Supp. 2d 1324, 1331

(N.D. Ga. 2013) (quoting *Johnson v. Wellborn*, 418 F. App'x. 809, 815 (11th Cir. 2011)).

12. As of the submission of this filing, no Defendants have filed an answer or responsive pleading to the Complaint in the State Court Action.

13. Given that this Notice of Removal is being filed within 30 days of service of the initial pleadings to CRST, it is timely pursuant to 28 U.S.C. § 1446(b).

14. As to the amount in controversy requirement, Plaintiff's Complaint alleges "severe and permanent injuries." *See* **Ex. A.** ¶ 9. Plaintiff also claims, "past and future medical expenses, lost wages, past and future mental and physical pain and suffering, and an inability to lead a normal life." *Id.* at ¶ 13. Plaintiff further pleads that he has "incurred substantial medical expenses and will continue to incur future medical expenses." *Id.* Given that Plaintiff claims to have suffered severe and permanent injuries to the extent he now has the inability to lead a normal life and that he also prays for substantial past and future medical expenses, it is apparent that the jurisdictional requirement for removal to this Court is satisfied. 28 U.S.C. § 1332(a).

15. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served on CRST are attached hereto. *See* **Ex. A.** No orders have been served on

CRST as of the date of this filing. Copies of all other filings in the Superior Court Action not previously marked as an exhibit hereto are attached as **Ex. H** in accordance with 28 U.S.C. § 1446 (a).

16.     Pursuant to 28 U.S.C. § 1446(d), CRST will provide Plaintiff with written notice of the filing of this Notice of Removal and file with the Clerk of the Superior Court of Bartow County, in the State of Georgia, a copy of this Notice of Removal. *See* Notice of Filing Notice of Removal, attached as **Ex. I.**

17.     Based on the foregoing, and pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, the Superior Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of citizenship between Plaintiff and Defendants and the matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs.

18.     Further, CRST demands a jury trial on all the issues so triable.

19.     The filing fee of $402.00 has been paid electronically into the registry of the United States District Court contemporaneously with the filing of this Notice.

WHEREFORE, CRST respectfully requests that the above captioned action, filed by Plaintiff in the Superior Court of Bartow County, in the State of Georgia,

be REMOVED to the United States District Court for the Northern District of Georgia, Rome Division, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

Respectfully submitted and signed, pursuant to Fed. R. Civ. P. 11, on this 27th day of October, 2022, by:

          WEINBERG, WHEELER,
          HUDGINS, GUNN & DIAL, LLC

          */s/ Brannon J. Arnold*
          Brannon J. Arnold
          Georgia Bar No. 218034
          Jason T. Vuchinich
          Georgia Bar No. 537503
          3344 Peachtree Rd, N.E., Suite 2400
          Atlanta, Georgia 30326
          404-876-2700
          barnold@wwhgd.com
          jvuchinich@wwhgd.com

          *Counsel for Defendants*

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Brannon J. Arnold*
Brannon J. Arnold

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing upon all counsel of record via the Court's electronic filing system as follows:

Glenda F. Mitchell, Esq.
Nicolas Rodriguez Sturba, Esq.
GLENDA MITCHELL LAW FIRM
807 North Tennessee Street, Suite 201
Cartersville, GA  30120
glenda@glendamitchelllawfirm.com
nick@glendamitchelllawfirm.com

*Counsel for Plaintiff*

This 27th day of October, 2022.

                                           */s/ Brannon J. Arnold*
                                           Brannon J. Arnold